UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNG DUY NGUYEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA SUPERIOR COURT OF SAC,<br><br>　　　　Defendant. | No. 2:25-cv-1558 AC PS<br><br><br><br>ORDER |

Plaintiff paid the filing fee and is proceeding in this action pro se, and accordingly the case was initially referred to the undersigned pursuant to Local Rule 302(c)(21). The parties subsequently consented to magistrate judge jurisdiction for all purposes. ECF No. 10.

Defendant has moved to dismiss the case. ECF No. 9. The matter is fully briefed, ECF Nos. 11 (opposition), 12 (reply), and has been submitted on the papers, ECF No. 13. For the reasons set forth below, defendant's motion to dismiss is GRANTED and the Clerk of Court is directed to close this case.

**I. Background**

　　A.　The Complaint

Plaintiff filed his complaint on June 4, 2025, alleging that the Superior Court of Sacramento, in collusion with the Department of Homeland Security ("DHS"), violated his civil liberties and obstructed justice by arresting him on a false charge and warrant. ECF No. 1 at 5.

1  Plaintiff was jailed for 50 days without due process. Id. at 7. Plaintiff alleges that while he was
2  in jail, DHS communicated with him through a brain-computer interface and told him that he was
3  arrested so that DHS could exonerate him. Id. Plaintiff asserts that it has been over a year, and
4  he still has not been exonerated. Id. The only named defendant is the Superior Court of
5  California. Id. at 1. Plaintiff seeks two million dollars in damages. Id. at 6.

6      B. Motion to Dismiss

7  Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that this
8  court lacks federal subject matter jurisdiction pursuant to the Rooker-Feldman doctrine, and
9  pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Superior Court of California is
10 entitled to Eleventh Amendment immunity. ECF No. 9 at 2.

11                              **II. Analysis**

12     A. Legal Standards Governing Motions to Dismiss

13 A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter
14 jurisdiction. See Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of
15 subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g.,
16 Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). "A Rule
17 12(b)(1) jurisdictional attack may be facial or factual." Safe Air For Everyone v. Meyer, 373
18 F.3d 1035, 1039 (9th Cir. 2004). Here, defendant advances a facial attack. A facial attack
19 "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." Id.
20 "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of
21 the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).
22 "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts
23 alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699
24 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain
25 more than a "formulaic recitation of the elements of a cause of action;" it must contain factual
26 allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v.
27 Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of
28 facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

1  action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35
2  (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to
3  'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
4  (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads
5  factual content that allows the court to draw the reasonable inference that the defendant is liable
6  for the misconduct alleged." Id.

7  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
8  Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
9  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
10 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
11 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential
12 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
13 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se
14 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,
15 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
16 F.2d 1446, 1448 (9th Cir. 1987).

17       B.   The *Rooker-Feldman* Doctrine Bars This Case
18  A federal court is a court of limited jurisdiction and may adjudicate only those cases
19 authorized by the Constitution and by Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S.
20 375, 377 (1994). The Rooker-Feldman doctrine[1] prohibits federal district courts from hearing
21 cases "brought by state-court losers complaining of injuries caused by state-court judgments
22 rendered before the district court proceedings commenced and inviting district court review and
23 rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,
24 284 (2005). To determine if the Rooker-Feldman doctrine bars a case, the court must first
25 determine if the federal action contains a forbidden de facto appeal of a state court judicial
26 ////

---

[1] Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

3

1  decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman
2  inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).
3       If a court determines that the action is a "forbidden de facto appeal," however, the court
4  cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse
5  to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by
6  the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897
7  ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a
8  claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman
9  analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff
10 "complains of a legal wrong allegedly committed by the state court and seeks relief from the
11 judgment of that court." Noel, 341 F.3d at 1163.
12     Here, the complaint arises from criminal proceedings in the Superior Court. This court
13 has no authority to review the final determination of a state court in judicial proceedings.[2]
14 Allowing this case to proceed would constitute a de facto appeal of the sentencing. This
15 jurisdictional defect cannot be cured by amendment. See Klamath-Lake Pharm. Ass'n v.
16 Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend should
17 be freely given, the court does not have to allow futile amendments.)
18     C.  The Eleventh Amendment Bars This Case
19     The Superior Court is an arm of the state of California and cannot be sued in federal court
20 due to Eleventh Amendment immunity. See Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.
21 1995) ("Given the extensive control exercised by the state over the municipal courts, we conclude
22 that the municipal court is an arm of the state. Thus it is protected from this lawsuit by Eleventh
23 Amendment immunity."); Munoz v. Sup. Ct. of L.A. County, 91 F.4th 977, 980 (9th Cir. 2024)

---

[2] The undersigned here presumes that the state court judgment is final. An attachment to the complaint indicates that sentence was imposed on or about July 2, 2024. ECF No. 1 at 7. There is no indication that plaintiff appealed. In the unlikely event that the judgment is not final, the principles of Younger abstention would require dismissal. Younger v. Harris, 401 U.S. 37 (1971) (federal courts my not interfere with ongoing state prosecutions); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger requires dismissal of § 1983 suit challenging ongoing state proceedings including criminal prosecutions).

(holding that the Superior Court of California has sovereign immunity as an "arm of the state"). The Eleventh Amendment also precludes a district court from asserting jurisdiction over claims for monetary damages based on past judicial acts. Munoz, 91 F.4th at 980. To the extent plaintiff sues the Superior Court for monetary damages based on past judicial acts, the Eleventh Amendment protects the Superior Court and its judicial officers from liability in federal court. This is a defect that cannot be cured.

### III.  Leave to Amend Is Not Appropriate

Plaintiff's complaint is fatally flawed because its claims are barred by the Rooker-Feldman doctrine and the only named defendant is protected by Eleventh Amendment immunity. No amendment can remedy these defects.[3] Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured. Noll, supra, 809 F.2d at 1448.

### IV.  Motion for Miscellaneous Relief

Plaintiff submitted a letter to the court which was docketed as a statement regarding violations and harassment. ECF No. 5. The document does not seek any specific relief but does appear to be a plea for court intervention. ECF No. 5. To the extent plaintiff intended this as a motion for relief, it is DENIED for failure to present any cognizable grounds for relief.

### V.  Pro Se Plaintiff's Summary

Your case is being dismissed because federal courts do not have the power to undo state court rulings, and because the Eleventh Amendment of the U.S. Constitution prevents people from suing state courts in federal court.

### VI. Conclusion

It is ORDERED that plaintiff's motion at ECF No. 5 is DENIED because it does not seek any specific relief and is legally frivolous. Further, defendant's motion to dismiss at ECF No. 9 is

////

////

---

[3] To the extent if any that the document at ECF No. 5 can be construed as a proffer of facts related to the complaint, it does not indicate the existence of any viable claim.

1  GRANTED and this case is DISMISSED in its entirety for lack of jurisdiction and failure to state
2  a claim upon which relief can be granted.
3  DATED: November 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE